FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>DAVID BARNES NAY,<br><br>       Defendant. | No. 4:18-CR6044-EFS-4<br><br>**ORDER ADOPTING STIPULATED PROTECTIVE ORDER NUNC PRO TUNC** |

Before the Court, without oral argument, is the Government's Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information as to Defendant David Barnes Nay, ECF No. 156, and related Motion to Expedite, ECF No. 160.[1] Defendant David Nay does not oppose the Government's request for a protective order. *See* ECF No. 159. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and the parties' stipulation, the Government's Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information and related Motion to Expedite are granted and incorporated in this Order.

---

[1] The Government filed the Motion for Protective Order Regulating Discovery of Disclosure of Sensitive Information, ECF No. 156, and the related Motion to Expedite, ECF No. 157 on December 21, 2018. The same day, the Government filed a praecipe, stating that Motion seeks a protection order nunc pro tunc. ECF No. 159. The Government also filed another motion to expedite, ECF No. 160, in light of the praecipe.

Order— Page **1** of 4

/

**IT IS HEREBY ORDERED:**

**1.** The Government's Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, **ECF No. 156,** is **GRANTED.**

**2.** The Government's Motion to Expedite, **ECF No. 160,** is **GRANTED.**

**3.** The Government's Motion to Expedite, **ECF No. 157,** is **DENIED** as moot.

**4.** The United States is authorized to disclose the discovery and sensitive information materials (hereinafter "Discovery"), in its possession pursuant to the discovery obligations imposed by this Court.

**5.** Government personnel and counsel for David Nay shall not provide or make available the Discovery to any person except as specified in this Order or by approval from this Court. Therefore, defense counsel for David Nay and the Government shall restrict assess to the Discovery, and shall only disclose the Discovery to their client, office, staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter.

**6.** Third parties contracted by the United States or counsel for David Nay to provide expert analysis or testimony may possess and inspect the sensitive

information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

7. Discovery in this matter will be made available to defense counsel via access to a case file on USA File Exchange. If necessary to review discovery with his client, Defense Counsel may download the discovery and duplicate only once. Discovery materials may not be left in the possession of David Nay. In order to provide discovery to a necessary third-party vendor, consultant, and/or anticipated fact or expert witness, Defense Counsel may duplicate the discovery only once. No other copies shall be made by Defense Counsel or David Nay without prior approval from this Court.

8. To the extent that Defense Counsel makes any portion of the Discovery available in paper format to anyone, including David Nay, outside of counsel's office, Defense Counsel shall ensure that any and all sensitive and confidential information is redacted or removed.

9. All counsel of record, including counsel for the United States, shall keep a list to identify each person to whom the Discovery is disclosed and who was advised of the requirements of this Order. Neither counsel for David Nay nor counsel for the Government shall be required to disclose this list of persons unless ordered to do so by this Court.

10. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for David Nay shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

11. Government personnel and counsel for David Nay shall promptly report to the Court any known violations of this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to counsel for the Government and the Defendant.

**DATED** this  28th  day of December 2018.

s/Edward F. Shea<br>
EDWARD F. SHEA<br>
Senior United States District Judge